**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XUE YUN SUN, | No. 12-73010 |
| Petitioner, | Agency No. A093-408-574 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2016[**]
San Francisco, California

Before: SILVERMAN, FISHER, and TALLMAN, Circuit Judges.

Xue Yun Sun, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review legal questions de novo. *Id*. at 1048. We deny in part and grant in part the petition for review, and we remand.

Sun sought relief on two distinct grounds, one based on an alleged forced abortion in China, and the other based on a whistleblower theory related to mistreatment she incurred for attempting to prosecute a government official who raped her niece. The BIA affirmed the IJ's denial of the forced abortion claim on adverse credibility grounds. Substantial evidence supports that determination based on Sun's omission of the forced abortion from her initial application and asylum interview. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (holding that the petitioner's material omission of politically-motivated mistreatment from his asylum interview supported the agency's adverse credibility determination). The record does not support Sun's contentions that the agency failed to articulate an adequate basis for this credibility determination, or that the agency ignored her explanation for the omission. Thus, we deny Sun's petition as to both asylum and withholding of removal based on her alleged forced abortion. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Although the IJ denied Sun's whistleblowing claim on adverse credibility grounds as well, the BIA assumed Sun was credible as to her whistleblowing claim, and concluded in the first instance that Sun did not demonstrate past persecution on account of a protected ground because she failed to present sufficient corroborative evidence. The BIA specifically noted a lack of evidence corroborating the niece's rape and opined that such evidence was reasonably available. In doing so, the BIA denied a credible applicant's asylum claim solely based on insufficient corroborating evidence, without undertaking the sequential analysis required for such determinations. *See Ren v. Holder,* 648 F.3d 1079, 1090-93 (9th Cir. 2011).

On remand, the BIA has the opportunity to analyze dispositive issues unrelated to its initial corroboration determination and revisit its assumption that Sun was credible. However, if the agency ultimately determines Sun has not met her burden of proof for asylum or withholding of removal solely due to a lack of corroborating evidence, the agency must (i) expressly determine Sun's credible testimony alone does not meet her burden of proof, (ii) give Sun notice that further corroborative evidence is required, and (iii) provide Sun an opportunity to either produce that evidence or explain why it is not reasonably available. *See id*. at 1093. Accordingly, we grant the petition as to Sun's claim for asylum and

12-73010

withholding of removal based on her whistleblower status, and we remand to the BIA for further proceedings consistent with this disposition.

Finally, the IJ found Sun did not meet her burden for CAT relief after determining that Sun's entire testimony lacked credibility. Because the BIA assumed in the first instance that Sun was credible as to her whistleblower claim, it was required to consider the credible portions of Sun's testimony in determining her eligibility for CAT relief. *See* 8 C.F.R. § 1208.16(c)(3). It is unclear from the decision, however, whether the BIA considered that testimony. We therefore grant the petition as to Sun's CAT claim and remand to the BIA for further proceedings consistent with this disposition.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW  DENIED in part; GRANTED in part; REMANDED.**

12-73010